USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2157 ALBERT J. CHIMENO, Plaintiff, Appellant, v. DANIEL A. PION, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Albert J. Chimeno on brief pro se. _________________ Marc DeSisto, Kathleen M. Powers and DeSisto Law Offices on brief ____________ __________________ ___________________ for appellees. ____________________ October 24, 1997 ____________________ Per Curiam. Upon review of the parties' briefs and the __________ record on appeal, we conclude that there was no abuse of discretion in the two evidentiary rulings of which plaintiff- appellant complains. In the district court action, plaintiff accused two Woonsocket, Rhode Island police officers of using excessive force and of assault and battery during the course of plaintiff's arrest following an altercation with the officers during a stop for traffic violations. The jury found for the defendants. In this appeal, plaintiff challenges two evidentiary rulings of the trial court. Determinations concerning the admissibility as well as the exclusion of evidence are left to the sound discretion of the trial court, and this court will reverse only if the district court abused its discretion. See Knowlton v. Deseret Medical Inc., 930 F.2d ___ ________ ____________________ 116, 124 (1st Cir. 1991). First, plaintiff challenges the trial court's decision not to admit into the record a state court decision vacating his convictions for the traffic violations that prompted the initial stop. The district court was within its discretion, because the issue of whether plaintiff actually committed the traffic violations for which he was stopped was not relevant to whether the police officers used excessive force in the course of his arrest. Plaintiff did not challenge the -2- legality of the arrest per se, and in any event the subsequent decision to vacate his convictions for the traffic violations is only marginally relevant, if at all, to whether the police officers had a sufficient basis for stopping him at the time they did. Second, plaintiff challenges the trial court's decision to admit his "mug shot" on grounds that it was substantially more prejudicial than probative. See Fed. R. Evid. 403. The ___ trial court was within its discretion, as the lack of visible injuries on plaintiff's neck in the photograph was relevant in that it tended to undermine his testimony that the defendants had choked him during the arrest. Moreover, the risk of prejudice from the photograph was minimal. The photographs were of the very arrest that gave rise to the lawsuit, and thus -- unlike mug shots for prior arrests -- had no tendency to imply past criminal conduct. Cf. United ___ ______ States v. Fosher, 568 F.2d 207 (1st Cir. 1978) (requiring ______ ______ safeguards for the introduction of prior mug shots to avoid eviscerating the rule generally forbidding evidence of prior criminal acts). The judgment of the district court in favor of the ________________________________________________________ defendants-appellees is summarily affirmed. Loc. R. 27.1. ___________________________________________ -3-